```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
JEANETTE VARGAS,                                            :
                                                            :
                              Plaintiff,                    :
                                                            :
         - against -                                        :   17-cv-4280 (VSB) (SLC)
                                                            :
PREMIER STAFF AGENCY, et al.                                :   ORDER
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/23/2020

<u>VERNON S. BRODERICK</u>, United States District Judge:

On June 7, 2017, Plaintiff Jeanette Vargas commenced this action by filing a complaint. (Doc. 1.) She filed an amended complaint (the "Amended Complaint") on January 16, 2018, asserting against Defendants various claims of discrimination and retaliation under Title VII of the Civil Rights Act of 1964, ("Title VII") 42 U.S.C. § 2000e *et seq.*; discrimination, retaliation, aiding and abetting discrimination and retaliation under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290e *et seq.*; discrimination and retaliation under the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. § 8-107; as well as common law claims of intentional infliction of emotional distress and negligence. (Doc. 26.)

A copy of the Amended Complaint was served on Defendant Claudia Nieto-Premer ("Nieto-Premer") on February 8, 2018, (Doc. 33), and on Defendant Premier Staff Agency ("Premier") on February 14, 2018, (Doc. 34). Nieto-Premer and Premier failed to answer or respond to the Amended Complaint, or to otherwise appear in this action. Plaintiff applied for and received a Clerk's Certificate of Default as to both Nieto-Premer or Premier. (*See* Docs. 41–44.)

Plaintiff then filed a proposed order to show cause for a default judgment, (Doc. 50), along with declarations, exhibits, a statement of damages, and a proposed default judgment, (Docs. 51–54). On October 1, 2018, I issued the Order to Show Cause, directing Nieto-Premer and Premier to appear at a hearing on November 2, 2018, to show cause why a default judgment should not be issued against them. (Doc. 55.) The hearing was later adjourned to November 15, 2018. (Docs. 61, 65.)

After Nieto-Premer and Premier failed to appear at the November 15, 2018 hearing to show cause why a default judgment should not be entered against them, I issued an order entering default judgment as to liability against them. (Doc. 67.) I also referred the case to Magistrate Judge Henry B. Pitman for an inquest on damages and attorneys' fees. (Doc. 68.) On July 18, 2019, Magistrate Judge Pitman issued his Report and Recommendation (the "Report"), recommending that Plaintiff be awarded $36,015.00 in back-pay, $30,000 in emotional distress damages, and $4,815 in attorneys' fees. (Doc. 77, at 31.) Neither Nieto-Premer nor Premier filed an objection to the Report.

In reviewing a magistrate judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise specific, written objections to the report and recommendation within 14 days of being served with a copy of the report. *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). When a party submits a timely objection, a district court reviews de novo the parts of the report and recommendation to which the party objected. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). When neither party submits an objection to a report and recommendation, or any portion thereof, a district court reviews the report and recommendation for clear error. *Santana v. Comm'r of Soc. Sec.*, No. 17-CV-2648 (VSB)

(BCM), 2019 WL 2326214, at *1 (S.D.N.Y. May 30, 2019); *Marte v. Berryhill*, No. 17-CV-3567 (VSB) (JLC), 2018 WL 5255170, at *1 (S.D.N.Y. Oct. 22, 2018); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

Here, although the Report and Recommendation explicitly provided that "[t]he parties shall have fourteen (14) days from receiptof this Report to file written objections," (Doc. 77, at 31), neither party filed an objection. I therefore reviewed Magistrate Judge Pitman thorough and well-reasoned Report and Recommendation for clear error and, after careful review, found none. Accordingly, I ADOPT the Report and Recommendation in its entirety. Plaintiff shall be awarded a total of $36,015.00, calculated as follows: (1) $1,200.00 in back-pay; (2) $30,000.00 in emotional distress damages and (3) $4,815.00 in attorneys' fees. (Doc. 77, at 31.)

The Clerk's Office is respectfully directed to terminate any open motions, to enter judgment in accordance with this Order, and to close this case.

SO ORDERED.

Dated: September 23, 2020
New York, New York

Vernon S. Broderick
United States District Judge

3